IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD RIVERA,

    Plaintiff,

v.                                                                                          No. 16-cv-1095 MV/SMV

NANCY A. BERRYHILL,[1]
**Acting Commissioner of Social Security Administration,**

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS,
ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION, AND DENYING PLAINTIFF'S
MOTION TO REVERSE OR REMAND ADMINISTRATIVE AGENCY DECISION</u>**

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 30] ("PF&RD"), issued on November 6, 2017. At issue are two motions filed by Plaintiff: one requests remand for consideration of new evidence, and the other challenges the Administrative Law Judge's ("ALJ") decision. [Docs. 21, 24]. On reference by the undersigned, [Doc. 25], the Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended denying both motions, [Doc. 30].

As to the first motion (Plaintiff's Motion to Dispute the Transcript of Record [Doc. 21]), Judge Vidmar recommended construing it as a motion to remand pursuant to 42 U.S.C. § 405(g) (sentence six) for new and material evidence. Judge Vidmar recommended denying the motion because the evidence was either immaterial or duplicative. [Doc. 30]. As to the second motion

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

(Plaintiff's Motion to Reverse and Remand [Doc. 24]), Judge Vidmar recommend denying it because Plaintiff had failed to show that the ALJ's decision was not supported by substantial evidence or was the product of an incorrect legal standard. Plaintiff timely objected to the PF&RD. [Doc. 31]. On de novo review of the portions of the PF&RD to which Plaintiff objects, the Court will overrule the objections, adopt the PF&RD, and deny Plaintiff's Motion to Reverse or Remand.

### **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981. The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was before the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207−08 (10th Cir. 2006); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Pursuant to 20 C.F.R. § 404.970(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's decision. If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *O'Dell*, 44 F.3d at 858 (citing 20 C.F.R. § 404.981). Because a court reviews the final decision based on "the record as a whole," it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *Id.* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review. *See id.* Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096. Accordingly, here, the Court reviews the ALJ's decision considering the entire record, including the evidence submitted to the Appeals Council. Tr. 1–5, 863–64.

reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

Because Plaintiff is proceeding pro se, the Court construes his filings liberally and holds them to a less stringent standards than those filed by lawyers. *See Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Nevertheless Plaintiff must follow the same rules of procedure that govern other litigants, and the Court may not assist Plaintiff by constructing arguments for him. *See id.*

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Id.*

## Procedural Background

Plaintiff was born on December 8, 1953. Tr. 44. He served in the Air Force in the early 1970s where he was injured. Tr. 25. As a result, Plaintiff suffered back and mental health

problems. Plaintiff reports that despite his conditions, he worked for 30 years at the Sandoval County Assessor's Office. Tr. 24, Tr. 855–56, 338–39. He retired on December 31, 2009. Plaintiff insists that he wanted to continue working for another ten years, but his impairments prevented him from continuing to work. Yet, he also reports that he retired due to "political pressure" from the Assessor in office at the time. [Doc. 1] at 2; [Doc. 24] at 2.

Plaintiff applied for a period of disability and disability insurance benefits on January 7, 2013. Tr. 14. He alleged a disability-onset date of November 13, 2013.[3] *Id.* His claims were denied initially and on reconsideration. Plaintiff requested a hearing before an ALJ. *Id.* ALJ Frederick E. Upshall, Jr., held a hearing on October 21, 2015, in Albuquerque, New Mexico. Tr. 14, 39. Plaintiff appeared in person with his attorney. Tr. 14, 39–42. The ALJ took testimony from Plaintiff and an impartial vocational expert ("VE"), Mary D. Weber. Tr. 10, 63−65. The ALJ also considered the VE's responses to the ALJ's post-hearing, written interrogatories. Tr. 507–13; *see* Tr. 14.

The ALJ issued his unfavorable decision on June 6, 2016. Tr. 29. Initially, the ALJ found that Plaintiff met the insured status requirements through December 31, 2015. Tr. 17. At step one he found that Plaintiff had not engaged in substantial gainful activity since the onset date of his alleged disability. *Id.* Because Plaintiff had not engaged in substantial gainful

---

[3] Originally, Plaintiff alleged an onset date of December 31, 2009. Tr. 14. However, at the hearing before the ALJ, through his attorney, Plaintiff amended his alleged onset date to November 13, 2013. *Id.* Counsel explained that the amendment would benefit Plaintiff in two ways. First, it would align with the finding of the Department of Veterans Affairs that Plaintiff was 100% disabled. Second, it would align with Plaintiff's turning 59 years and 11 months old, and that age would trigger a more favorable category of Medical Vocational Guidelines or "grid rules." Tr. 43–44. Before this Court, Plaintiff would like to undo the amendment and re-allege the 2009 onset date. [Doc. 28] at 1–2. I am unaware of any authority that would allow this Court to change the alleged onset date. The role of this Court is to review the Commissioner's final decision for substantial evidence and legal error. Plaintiff fails to show any error in the ALJ's decision to accept the amended onset date of November 13, 2013.

activity for at least 12 months, the ALJ proceeded to step two. *Id.* There he found that Plaintiff suffered from the following severe impairments: "degenerative disc disease, osteoarthritis in right knee and hip, depression, and posttraumatic stress disorder (PTSD)." *Id.* At step three the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 17–19.

Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 19–27. The ALJ found that, through his date last insured:

> [Plaintiff] had the [RFC] to perform a range of medium work as defined in 20 [C.F.R. §] 404.1567(c). He can lift up to 50 pounds occasionally and is able to lift and carry up to 25 pounds frequently. He is able to stand and/or walk for approximately 6 hours in an 8 hour workday, and is able to sit for approximately 6 hours in an 8 hour workday, with normal breaks. Pushing and pulling are limited only by the limitation on [Plaintiff]'s ability to lift and carry. He can frequently climb ladders, ropes or scaffolds, climb ramps or stairs, kneel and crawl. He is able to stoop and crouch occasionally. There are no manipulative or environmental limitations. [Plaintiff] is limited to unskilled work, involving only simple work-related decisions, with few, if any, changes in the work setting. He is limited to occasional interaction with the public, incidental to the work performed, and occasional interaction with co-workers. Supervision should be occasional, simple and direct.

Tr. 19. At step four the ALJ found that Plaintiff could not return to his past relevant work. Tr. 27. Accordingly, the ALJ proceeded to step five. Relying on testimony by the VE, the ALJ found that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing other jobs that exist in significant numbers in the national economy. Tr. 28–29. Ultimately, the ALJ found that Plaintiff was not under a disability as defined by the Act during the relevant time period, November 13, 2013, through December 31, 2015. Tr. 29. Plaintiff

requested review from the Appeals Council, but that request was denied on July 28, 2016. Tr. 1. Plaintiff filed the instant action on October 4, 2016. [Doc. 1].

## **Magistrate Judge's PF&RD**

Judge Vidmar recommended that Plaintiff's Motion to Dispute the Transcript of Record [Doc. 21] be construed as a motion to remand pursuant to § 405(g) (sentence six). He carefully reviewed all the evidence and found that none warranted remand. Further, Judge Vidmar found that the ALJ's decision was supported by substantial evidence and free of legal error. He found that remand was not warranted on any basis. [Doc. 30].

Judge Vidmar found that<br>remand pursuant to sentence six was not appropriate.

Sentence six of 42 U.S.C. § 405(g) provides that a district court:

> may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g). After a sentence six remand, the agency assesses the new evidence, makes findings of fact, and issues a decision that is then subject to review by the court. *Id*. However, when ordering sentence six remand, the court does not address the merits of the agency's decision itself. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991); *Pettyjohn v. Shalala*, 23 F.3d 1572, 1574 (10th Cir. 1994) (in a sentence six remand, the court does not rule in any way as to the correctness of the administrative determination).

In order to obtain a sentence six remand, a plaintiff must submit his new evidence to the court and demonstrate both that it is material and that he has good cause for failing to incorporate

7

such evidence into the record in the prior proceeding. *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010). Evidence is material if "the Secretary's decision might reasonably have been different had the [new] evidence been before him when his decision was rendered." *Id.* However, if the plaintiff has no good reason for failing to submit the evidence to the ALJ (or to the Appeals Council), then remand under sentence six is inappropriate. *Id.* at 1149–50. "'Good cause' is more than a desire to relitigate the same issues." *Id.* at 1149 (internal quotation marks omitted).

Plaintiff complained that many documents were missing from the administrative record and urged that the evidence be considered. [Doc. 24] at 9–10; [Doc. 28] at 3. Plaintiff submitted copies of nearly everything that he believed was missing from the record. [Doc. 23] at 1, 2; [Docs. 23, 28]. Plaintiff argued that the following documents should be considered:

1. An exhibit that Plaintiff attached to his request for reconsideration, dated June 18, 2013. [Doc. 23] at 4.

2. Plaintiff's cover letter to the Social Security Administration ("SSA") dated Nov. 18, 2013, for a report from Dr. Tiernan. [Doc. 23] at 5.

3. Plaintiff's letter to SSA, dated June 27, 2016, asking for a copy of the hearing transcript and a copy of a questionnaire that he completed when he was examined by Dr. Young-Rodriguez on January 30, 2016. [Doc. 23] at 6.

4. Plaintiff's cover letter to SSA, dated July 8, 2016. [Doc. 23] at 7

5. An "exhibit A" dated August 5, 2016, that Plaintiff attached to his "Request for Review of Hearing Decision/Order." [Doc. 28] at 7.

6. Plaintiff's cover letter to SSA and four identical letters to different recipients, all dated August 22, 2016, and all asking for a copy of the questionnaire that he completed when he was examined by Dr. Young-Rodriguez on January 30, 2016. [Doc. 28] at 8–12.

7. Plaintiff's letter dated August 26, 2016, asking that his case be reopened and for new evidence to be considered. [Doc. 28] at 13.

8

8. Plaintiff's cover letter dated August 30, 2016, for new evidence to be considered. [Doc. 28] at 14.

9. Letter from Dr. Tiernan to SSA, dated August of 2016, excoriating the ALJ for rejecting his opinion and for adopting the opinion of Dr. Young-Rodriguez instead. [Doc. 28] at 15–20.

10. Records from PT First physical therapy office, dated Aug. 29, 2017. [Doc. 28] at 21–25.

11. Undated, unsigned Physical RFC form, which Plaintiff attributes to PT First. [Doc. 28] at 26–33, *see* [Doc. 28] at 4 (Plaintiff's attributing the form to PT First).

12. Records from NM Orthopaedics, dated September 1, 2016. [Doc. 28] at 34–37.

Judge Vidmar found that none of the documents was material because none would have changed the outcome of this case had it been before the ALJ or the Appeals Council. [Doc. 30] at 9. For example, Judge Vidmar found that many of the documents were entirely extraneous. Plaintiff's cover letters that accompanied the submission of evidence were not material to the outcome of his case. Nor were his letters requesting copies of rules or a copy of the questionnaire. Some of the evidence seemed material at first blush, but once Judge Vidmar reviewed the entirety of the administrative record, he discovered that it was actually duplicative. For example, Dr. Tiernan's letter dated August of 2016, lambasting the ALJ for denying the claim, was actually a recapitulation of arguments the doctor had already submitted to the ALJ. *Compare* [Doc. 28] at 18 (arguing in August of 2016, that Dr. Young-Rodriguez's report should be accorded less weight because he did not review certain medical records), *with* Tr. 521 (making same criticisms in February of 2016).

As for the proffered RFC form, [Doc. 28] at 26–33, Judge Vidmar found that it might have been material, except that it was unsigned and undated. [Doc. 30] at 9. There was nothing on the face of the document indicating who filled it out, what that person's credentials were, or

9

what the author's relationship with Plaintiff was. *Id.* Plaintiff himself attributed the assessment to PT First, but he offered nothing more specific than that. Plaintiff had not indicated the name or credentials of the person who completed the form. For these reasons, Judge Vidmar found that the RFC assessment would not reasonably have changed the outcome of the case. *Id.*

There was one document that Judge Vidmar did not review. *Id.* at 10. Plaintiff was adamant that he had completed a questionnaire on January 30, 2016, when he was examined by Dr. Young-Rodriguez, and that the questionnaire was not part of the record. Neither party submitted a copy of the questionnaire to Judge Vidmar. Plaintiff did not explain what information was contained in the questionnaire. He offered no persuasive explanation as to what the questionnaire would have established if it had been present in the record. He failed to explain how the questionnaire (or its absence) made any difference to this Court's review of the ALJ's decision. Accordingly, Judge Vidmar found that Plaintiff had failed to show that the questionnaire (or its absence) was material. *Id.*

Ultimately, Judge Vidmar determined that remand for consideration of this evidence was not appropriate because Plaintiff failed to show that it was material. *Id.* He recommended construing Plaintiff's Motion to Dispute the Transcript of Record [Doc. 21] as a motion to remand under sentence six and denying it. [Doc. 30] at 10.

<u>Judge Vidmar determined that<br>Plaintiff had failed to show reversible error in the ALJ's decision.</u>

Judge Vidmar addressed each of Plaintiff's challenges to the ALJ's decision. First, Judge Vidmar found that there was no reversible error in the consideration of Plaintiff's impairments at step two. [Doc. 30] at 10–11. Judge Vidmar explained that, even if there had

10

been error, reversal would not be warranted. *Id.* at 11. Errors at step two are not reversible as long as the ALJ finds at least one severe impairment and, thus, proceeds through the sequential evaluation process. *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). The ALJ in this case found at least one severe impairment and proceeded through the sequential evaluation process. Therefore, Judge Vidmar found no reversible error. [Doc. 30] at 10–14.

Second, Judge Vidmar found that there was no reversible error in the ALJ's evaluation and rejection of Dr. Tiernan's opinions. *Id.* at 10–14. Judge Vidmar found that the correct legal standards had been applied, and the ALJ's reasons for rejecting Dr. Tiernan's opinions were supported by substantial evidence. *Id.*

Third, Judge Vidmar found no error in the ALJ's evaluation and adoption of Dr. Young-Rodriguez's opinion. *Id.* at 14–15. Plaintiff's challenges to the ALJ's adoption of the opinion went to its weight, but this Court cannot reweigh the evidence. *Id.*

Fourth, Judge Vidmar found no error in the ALJ's consideration of the VE's answers to post-hearing written interrogatories because ALJs are entitled to rely on such testimony. *Id.* at 15–16 (citing Social Security Ruling 96-9p, 1996 SSR LEXIS 6, *27 n.8 ("At the hearings and appeals levels, vocational experts . . . are vocational professionals who provide impartial expert opinion during the hearings and appeals process either by testifying or by providing written responses to interrogatories. A VE may be used before, during, or after a hearing."); *Ellison v. Sullivan*, 929 F.2d 534, 537 (10th Cir. 1990) (recognizing that a VE's testimony can constitute substantial evidence to support an ALJ's finding on non-disability)).

11

Finally, Judge Vidmar discussed each of Plaintiff's several other challenges to the ALJ's decision. *Id.* at 16–19. He found that remand was not warranted because Plaintiff failed to show reversible error. *Id.* at 10–19.

## Standard of Review for Objections to Magistrate Judge's PF&RD

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Moreover, "theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001).

## Remand pursuant to sentence six is inappropriate.

Plaintiff argues that remand is warranted for consideration of the RFC form, [Doc. 28] at 26–33, purportedly completed by PT First. [Doc. 31] at 2. Plaintiff argues that Judge Vidmar erred in finding that the RFC form was not material and did not warrant remand under sentence six. Judge Vidmar found that there was nothing on the face of the RFC form indicating who filled it out, what that person's credentials were, or what the author's relationship with Plaintiff was. Judge Vidmar acknowledged that Plaintiff attributed the form to PT First, but Plaintiff offered nothing more specific than that. Plaintiff had not indicated the name or credentials of the person who completed the form. For these reasons, Judge Vidmar found that the RFC

12

assessment was not material, i.e., was not reasonably likely to have changed the outcome. [Doc. 30] at 9.

Plaintiff objects. [Doc. 31] at 2. Plaintiff's argument focuses on Judge Vidmar's finding that the RFC form was unsigned and undated. Plaintiff argues that Angelo Pompeo, a physical therapist, completed the RFC assessment form as evidenced by his medical note, which references the RFC form. Because the medical note bore Mr. Pompeo's signature and credentials, Plaintiff argues that they should be imputed to the RFC form. *Id.* (citing [Doc. 28] at 21–33). Even indulging Plaintiff's interpretation of the evidence, the Court is not persuaded that the RFC form would reasonably have changed the outcome.

Even considering Mr. Pompeo's note along with the RFC form, the documents together are simply not of sufficient weight to have reasonably affected the outcome of the case. In other words, the documents are not material. This is so for several reasons. First, Mr. Pompeo, as a physical therapist, is not an "acceptable medical source." Social Security Ruling 06-03p, 2006 SSR LEXIS 5, *3–5. Second, Mr. Pompeo did not have a treating relationship with Plaintiff; he performed a one-time evaluation. [Doc. 28] at 25. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (opinions of treating physicians are given more weight than those of one-time consulting physicians, and consulting physicians' opinions are generally given the least weight). Third, the materials from Mr. Pompeo are less probative because they cut both ways. On the one hand, the RFC assessment reveals a more restrictive RFC than the one adopted by the ALJ. On the other hand, Mr. Pompeo notes that Plaintiff's "rehab potential" was "good," but Plaintiff was "not interested in treatment." [Doc. 28] at 23, 25. Fourth, the RFC form, if

13

completed on August 29, 2016, as Plaintiff alleges, would have been completed nearly *nine months* after Plaintiff's date last insured ("DLI"). This matters because the relevant time period is between the alleged onset date and the DLI (December 31, 2015). The more time that passes between the relevant time period and the date of the RFC assessment form, the less weight the form merits. *C.f. Hargis v. Sullivan*, 945 F.2d 1482, (10th Cir. 1991) ("Implicit in [the materiality] requirement is that the proffered evidence relate to the time period for which the benefits were denied."); *Wilson v. Astrue*, 602 F.3d 1136, 1148 ("[I]t is at least arguable that the exhibits are material as, in both, [the therapist] gives her opinion that [the plaintiff] was disabled by her mental limitations *during the relevant time period*.") (emphasis added). Never mind that the RFC assessment form itself bears no name of author, no signature, no credentials, and no date. For all of these reasons, on de novo review, the Court agrees with Judge Vidmar. The RFC assessment found at [Doc. 28] at 26–33, whether considered alone or in conjunction with the August 29, 2016 note from Mr. Pompeo, would not reasonably have changed the outcome of the case. Remand pursuant to sentence six is not appropriate.

Plaintiff also objects to Judge Vidmar's determination that remand is not warranted under sentence six for evaluation of the questionnaire, which Plaintiff insists he completed when he was examined by Dr. Young-Rodriguez. [Doc. 31] at 2. Judge Vidmar found that the questionnaire was not material. The document was not included in the administrative record, neither party had submitted a copy, and thus, Judge Vidmar did not review it. [Doc. 30] at 10. Judge Vidmar found that Plaintiff had not explained what the questionnaire would establish or how it would make any difference to the outcome. *Id.* In his objections, Plaintiff argues that the

14

questionnaire "asks questions regarding [his] medical condition." [Doc. 31] at 2. This is the most specificity Plaintiff offers about the questionnaire. Certainly, he has doggedly sought its inclusion in the record, but he fails to explain what difference it would make. On de novo review, Plaintiff fails to show that the questionnaire is material. Remand pursuant to sentence six is not appropriate.

**Plaintiff fails to show reversible error in the ALJ's decision.**

Before Judge Vidmar, Plaintiff had insisted that he could not perform "medium duty jobs" without severely aggravating his spinal injuries. He said that he had tried two such jobs and had to quit them both. [Doc. 24] at 8. Judge Vidmar found that these allegations failed to show that the ALJ erred in assessing Plaintiff's RFC. [Doc. 30] at 19–20. Judge Vidmar explained that Plaintiff had not described the jobs, nor indicated when he had attempted them, what his duties were, or provided any specifics about the circumstances of his having to quit. *Id.* Plaintiff had cited more than a dozen pages in the record and among the extra-record materials, all of which Judge Vidmar reviewed. Judge Vidmar found that the documents established nothing more than that Plaintiff consistently reported that he had been unable to perform two "medium duty" jobs because of his back pain. *Id.* Judge Vidmar found that these allegations failed to show that the ALJ erred.

Plaintiff objects. [Doc. 30] at 2–3. Plaintiff explains that he never described the jobs because no one ever asked him to do so. *Id.* He states that he attempted to work sanding cabinet doors in 1978 but had to quit after three weeks because the "continuous standing & leaning forward, frequent bending & stooping, frequent stacking, lifting & carrying cabinet doors

15

weighing estimated 30 pounds[,] which . . . severely aggravate[ed] his service[-]connected spinal injuries." *Id.* at 3. Further, Plaintiff reports that he attempted to work in the warehouse at New Mexico Mack Truck Sales, also in 1978, but had to quit after less than two months because the "frequent standing, sitting, bending, stooping, reaching, walking, climbing [on] step ladder[s], pushing & pulling, lifting and carrying parts weighing up to estimated 30 pounds . . . aggravat[ed] his service[-]connected spinal injuries." *Id.*

It is important to note the standard of review here. Plaintiff, as the movant, has the burden to show that the ALJ's decision is not supported by substantial evidence or is the product of an incorrect legal standard. On de novo review, the Court finds that Plaintiff fails to meet that burden. Even if everything Plaintiff offers—now, for the first time, about these two jobs he says he attempted nearly forty years ago—were true, reversal would not be warranted. The ALJ's RFC assessment and ultimate finding of non-disability are supported by substantial evidence. This new testimony from Plaintiff about his decades-old work attempts does not overwhelm that substantial evidence. Nor does this new testimony tend to show that the ALJ applied an incorrect legal standard. Remand is not warranted.

Otherwise, Plaintiff's objections are either wholly irrelevant or conclusory. For example, Plaintiff objects to the PF&RD on the grounds that his civil action was timely filed. [Doc. 31] at 1. However, the timeliness of the filing is not at issue. Judge Vidmar expressly found that Defendant had waived any challenge to timeliness. [Doc. 30] at 6 n.4. This objection is overruled.

Plaintiff objects to the PF&RD on the ground that Judge Vidmar incorrectly named the VE. [Doc. 31] at 1. Plaintiff argues that the VE's name was Mary D. Weber, not Leslie J. White, as Judge Vidmar had indicated. *Id.* The name of the VE is of absolutely no consequence to this case. The objection is overruled.

Finally, Plaintiff objects to the PF&RD generally. *Id.* at 3–4. He objects to the ALJ's adoption of Dr. Young-Rodriguez's opinion, the rejection of Dr. Tiernan's opinion, the rejection of the disability findings by the Department of Veterans Affairs,[4] and the consideration of the VE's answers to written interrogatories. *Id.* at 4. Objections to a PF&RD, however, "must be . . . specific to preserve an issue for de novo review by the district court[.]" *2121 E. 30th St.*, 73 F.3d at 1060. These objections are not specific. They are conclusory. The Court has reviewed Judge Vidmar's findings on each of these points and finds no error. The objections, such as they are, are overruled.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Objections [Doc. 31] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 30] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dispute the Transcript of Record [Doc. 21] be construed as a motion to remand pursuant to sentence six and **DENIED**.

---

[4] The Department of Veterans Affairs had determined Plaintiff to be 100% disabled, but the ALJ was not bound by the VA's determination. Tr. 20.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision [Doc. 24] be **DENIED**, and the Commissioner's final decision, **AFFIRMED**.

**IT IS SO ORDERED.**

_____
**MARTHA VAZQUEZ**
**United States District Judge**